UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

Greg Dugas,                                    Case No. 3:21 CV 2191

    Petitioner,                            JUDGE JAMES G. CARR

  v.
                                               <u>OPINION AND ORDER</u>
Warden Harold May,

    Respondent.

*Pro se* Petitioner Greg Dugas filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2020 conviction in Montgomery County, Ohio Court of Commmon Pleas on one count of aggravated robbery. Dugas does not assert any grounds for this Petition. Instead, he indicates he filed a civil rights action in the United States District Court for the Southern District of Ohio pertaining to the circumstances of his arrest and conviction. He believes that evidence obtained during that civil rights action will support his claim of innocence, and this Court will then be able to order his release. He further states that exhaustion of his state court remedies should be excused because extraordinary circumstances warrant his immediate release.

**II. Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). In advancing such goals, Section 2254(d) places new

constraints on "the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams*, 529 U.S. at 412. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Moreover, a federal court may grant a Petition for a Writ of Habeas Corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if the Petitioner first exhausts his state court for each claim he brings before the federal court in his Habeas Petition. 28 U.S.C. § 2254(a) &(b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). The Petitioner shall not be deemed to have exhausted all of his state court remedies if he has the right under the laws of the State to raise, by any available procedure, his habeas claims. 28 U.S.C. §2254(c). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365,

369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in state court.

### III. Analysis

Petitioner did not assert any claims in this Habeas Petition. He attached portions of his civil rights Complaint and indicates that video evidence which could be produced during discovery in that action will lead to the creation of grounds for relief in this Habeas action. He refers to this as a "protective petition" filed to protect his AEDPA statute of limitations period. The Court cannot entertain a Habeas Petition that does not contain specific grounds for relief. It is not the role of the Court to study the narrative in the Petition, and construct possible but not asserted claims for any litigant, including a *pro se* Petitioner, and then proceed to test whether the asserted facts fit that claim or claims. The Court's role is to adjudicate disputes, not assist in asserting them.

Furthermore, because Petitioner has not demonstrated what grounds for relief he is asserting in this habeas proceeding, he cannot demonstrate that he exhausted his state court remedies for those specific grounds. Petitioner contends that his case presents extraordinary circumstances that should excuse exhaustion. Regardless of how meritorious Petitioner believes his potential claims to be, principles of comity require the state courts to have the first opportunity to consider the claims and correct any Constitutional errors they may find. Moreover, should petitioner's civil litigation actually produce new and credible evidence of his innocence, 18 U.S.C. § 2244(d)(1)(D), assuming he can meet its terms, will provide him with the proper avenue to raise the newly-discovered evidence for habeas review.

### IV. Conclusion

Accordingly, the Petition (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's Motion to Proceed in Forma Pauperis is denied as moot. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    s/James G. Carr

JAMES G. CARR
UNITED STATES DISTRICT JUDGE